FILED

FEB 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

MARION BRENT GRAYBAEL,

        Defendant - Appellant.

No. 23-3937

D.C. No.
3:23-cr-00199-IM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Argued and Submitted February 5, 2025
Portland, Oregon

Before: BEA, KOH, and SUNG, Circuit Judges.

Marion Brent Graybael appeals his conviction, following a jury trial, for a

single count of assault resulting in serious bodily injury under 18 U.S.C.

§§ 113(a)(6), 1153. On appeal, Graybael argues that the district court abused its

discretion when it (1) admitted testimonial and photographic evidence of two prior

uncharged assaults Graybael committed against his girlfriend, the victim in the

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

charged assault; and (2) admitted expert testimony on domestic violence. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. First, Graybael argues that, under Federal Rules of Evidence 404(b) and 403, the district court erred in admitting testimonial and photographic[1] evidence of two prior assaults he committed against the same victim as the charged assault. "Where a district court errs in admitting other act[s] evidence, we review for harmless error." *United States v. Charley*, 1 F.4th 637, 651 (9th Cir. 2021) (quoting *United States v. Carpenter*, 923 F.3d 1172, 1181 (9th Cir. 2019)). "[W]e must 'start with a presumption of prejudice' as to the effect of 'other acts' evidence." *Id.* (quoting *Carpenter*, 923 F.3d at 1182). Evidentiary errors are harmless if "it is more probable than not that the erroneous admission of the evidence did not affect the jury's verdict." *Id.* (quoting *United States v. Hill*, 953 F.2d 452, 458 (9th Cir. 1991)).

Assuming, without deciding, that the district court erred in admitting evidence of the prior assaults, we nonetheless conclude that any error was harmless. The prosecution presented overwhelming evidence on the two disputed issues in the case: (1) whether Graybael was the assailant in the charged assault,

---

[1] Photographic evidence was admitted regarding only one of the prior uncharged assaults.

and (2) whether the victim suffered "substantial bodily injury" as a result of the attack. The victim identified Graybael as the assailant in her 9-1-1 call, to the responding officer on the night of the charged assault, and again at trial. At no point did the victim recant her testimony or identify anyone else as the assailant in the charged assault. As to the severity of the victim's injuries, the victim's self-assessed pain level was corroborated by testimony from the intake nurse, the attending physician, and the victim's cousin. Because the evidence supporting the jury's verdict was overwhelming, it is more likely than not that the admission of the prior assault evidence did not affect the jury's verdict.

2. Second, Graybael argues that, under Federal Rules of Evidence 702 and 403, the district court erred in admitting expert testimony on the cyclical nature of domestic violence. We review Graybael's challenge to the admission of expert testimony at trial for an abuse of discretion. *United States v. Flores*, 901 F.3d 1150, 1155 (9th Cir. 2018). We conclude that the district court did not abuse its discretion.

First, the admission of the expert witness testimony was proper under Rule 702. Under Rule 702, expert testimony must be both relevant and reliable. *Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) (citation omitted). On appeal, Graybael challenges only the relevance of the expert witness testimony, not its reliability. "The relevancy bar [for expert testimony] is low, demanding

3                                                                    23-3937

only that the evidence 'logically advances a material aspect of the proposing party's case.'" *Id.* (quoting *Daubert v. Merrell Dow Pharm., Inc.,* 43 F.3d 1311, 1315 (9th Cir. 1995)). Here, the expert testified that it is "common for victims to minimize what has happened to them" and that it is "common for [victims] to recant or change their account at a later date." This testimony was relevant to the prosecution's case because it helped the jury understand the dynamics of domestic violence and provided the jury with an explanation for the victim's self-blame, praise and continued affection for Graybael, and the victim's general reluctance to meet with police and testify against Graybael.

Additionally, Graybael argues that the expert testimony was inadmissible because such testimony can be used to address only issues beyond the common knowledge of a layperson. This argument is not supported by our case law. *See Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1057 (9th Cir. 2005) ("[L]ay understandings of domestic violence are frequently comprised of 'myths, misconceptions, and victim blaming attitudes.'" (quoting *Hernandez v. Ashcroft*, 345 F.3d 824, 836 (9th Cir. 2003))).

Additionally, the probative value of the expert testimony was not substantially outweighed by the danger of unfair prejudice under Rule 403.[2] The

---

[2] The parties dispute whether the district court engaged in the balancing required by Rule 403, and whether we should review this issue de novo. *See United States*

expert testimony had significant probative value because it aided the jury in evaluating the victim's testimony and contextualizing her behavior towards Graybael. Moreover, the expert testimony was general in nature and therefore unlikely to incite a strong emotional response among jurors or cause unfair prejudice.

**AFFIRMED.**

---

*v. Wells*, 879 F.3d 900, 914 (9th Cir. 2018) (explaining that de novo review is appropriate "[w]here the district court fails to engage in necessary Rule 403 balancing"). Even assuming, *arguendo*, that de novo review is appropriate, we conclude that the probative value of the expert testimony was not substantially outweighed by a danger of unfair prejudice.

23-3937